IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN CLARK MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 08-285-SU |
| | ) | FINDINGS AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| NEW DIRECTIONS, NORTHWEST, | ) | |
| INC., an Oregon non-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

SULLIVAN, Magistrate Judge:

## SUMMARY OF CASE

John Clark Miller ("Miller") originally brought this action in Baker County Circuit Court

alleging retaliation and wrongful termination and alleging that he was discharged for reporting

issues and concerns related to falsifying of clients' medical records, clients' arbitrary removal

from state treatment programs, employer's failure to protect client confidentiality, and false

Page - 1 - FINDINGS AND RECOMMENDATION

billing in violation of state and/or federal laws.  Miller further alleges that he was terminated in

retaliation for reporting violations of his, and his inmate clients', state and federal constitutional

rights to be free from religious teaching and coercion.  (Compl. 6-8.)

Defendant New Directions Northwest ("New Directions") removed the case to federal

court on the basis of federal question jurisdiction.  (Notice of Removal 2.)  Miller then moved to

remand to state court.

New Directions was granted limited discovery regarding the factual and statutory bases

of plaintiff's claims.  New Directions served two interrogatories upon Miller.  Miller responded

that in his Complaint he relied on ORS Chapters 192 and 179, along with the federal regulations

"embodied in HIPPA [Health Insurance Portablity and Accountability Act] and 45 CFR" and

"related laws and regulations." (Pl.'s Resp. Def.'s First Set Interrogs. 2-4.)  For the reasons set

forth below, I recommend that Miller's motion to remand to state court should be granted.

## STATEMENT OF FACTS

Miller resides in Baker County Oregon, and began employment with New Directions as a

Counselor I on or about June 23, 2004. (Compl. ¶ 4.)  Miller was terminated on or about

February 10, 2006.  *Id.*

New Directions is an Oregon non-profit corporation that contracts with the Oregon

Department of Corrections ("DOC") to provide addiction treatment programs to inmates at the

Powder River Correctional Facility through a program called Powder River Alcohol and Drug

Program ("PRAD").  (Compl. ¶¶ 3, 7.)  Miller was employed at the Powder River facility by

New Directions in the PRAD program.  *Id.*

During his employment, Miller alleges that he reported several concerns and objections to New Directions.  First, Miller reported that some of the other counselors and staff were requiring inmates to receive treatment through Alcoholics Anonymous and/or Narcotics Anonymous programs.  (Compl. ¶ 8.)  According to Miller, these programs did not constitute evidence-based programming as required by ORS 421.506 because they require the inmates to accept a "higher power" as a mandatory step to stop drinking or using drugs.  (Compl. ¶¶ 8,13.)

Second, Miller described that on several occasions small offices were being shared by multiple counselors treating multiple inmates simultaneously.  Miller complained that this practice lacked the privacy necessary for protecting client confidentiality.  (Compl. ¶ 9.)

Thirdly, Miller reported (first to New Directions and later to the ODOC) that progress notes in inmates' charts were being falsified by recording meetings that never occurred. (Compl. ¶¶ 10-11).

Finally, Miller reported that inmates were being arbitrarily removed from the PRAD program for failing to meet program objectives.  He reported that some of these inmates did not receive a formal review of their treatment progress and that this resulted in a waste of State funds.  (Compl. ¶ 12.)  Miller alleges that he was wrongfully terminated for reporting these practices to his employer and ODOC.

## LEGAL STANDARD

28 U.S.C. § 1441 authorizes removal of any action based on a claim or right arising under federal law.  "A defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)(superseded by statute on other grounds).  "[A] right or

immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* at 10-11 (quotations and citation omitted).  A plaintiff may not omit necessary federal claims in order to avoid jurisdiction. *Id.* at 22.

Absent diversity jurisdiction, the complaint must state a federal question to confer subject matter jurisdiction. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the federal question must arise on the face of the complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).  Where plaintiff's complaint states a claim valid on both federal grounds and  state grounds, the plaintiff is free to ignore the federal question and state his claim on state grounds. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Where a state law claim creates a cause of action, and no federal law completely preempts it, federal jurisdiction may still lie if there is a substantial, disputed question of federal law which is a necessary element of one of the well-pleaded state claims. *Franchise Tax Bd.*, 463 U.S. at 13; *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345 (9th Cir. 1996).  A possible defense under federal law cannot be the basis for removal. *Oklahoma Tax Commission v. Graham*, 489 U.S. 838, 840-41 (1989).

On a motion for remand, the burden of establishing federal subject matter jurisdiction is on the removing party. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  The removal statute is strictly construed against the party seeking removal jurisdiction. *Id.*  After the court examines possible bases for federal jurisdiction, any remaining doubt about subject matter jurisdiction favors remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**DISCUSSION**

New Directions admits that federal law does not preempt state law in this matter, but rather that there is a disputed question of federal law that constitutes a necessary element of Miller's wrongful discharge claim.  (Def.'s Resp. Mot. Remand 3.)  Specifically, New Directions asserts Miller's wrongful termination claim depends upon burdens imposed under federal law, specifically HIPPA, that do not exist in state law. Further, New Directions asserts that since federal law imposes greater burdens than state law (i.e. the Oregon and federal laws are not co-extensive), it is necessary for the federal court to exercise federal question jurisdiction. The court does not agree.

"The question is, does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (federal jurisdiction present where a complaint concerning property seized by the I.R.S. without notice depended on adequate notice as defined by federal law).  When a claim can be supported by alternative and independent theories, one of which is a state law theory and one of which is a federal law theory, federal question jurisdiction does not automatically attach because federal law does not necessarily have to be an element of the claim. *Rains*, 80 F.3d at 346 (reference to a Title VII violation mentioned in a claim for wrongful termination did not turn on construction of substantial, disputed federal question, such that federal question jurisdiction would be established).

New Directions' argument in favor of federal question jurisdiction targets language in Miller's claim for wrongful discharge.  Specifically, New Directions contends that reference to

"the failure to protect client confidentiality as required under various state and/or federal laws,"
creates a substantial federal question.  The court disagrees.  Miller's claim for wrongful
termination may stand alone without resolving a federal issue.  His wrongful termination claim
does not necessarily turn on the resolution of a substantial federal question related to his
discharge. Miller's factual allegations, including  "failure to protect client confidentiality" and
others, are activities Miller attempted to report to his employer.  A determination of whether
federal law was in fact violated is unnecessary for Miller to establish his state law claim.

New Directions argues that federal law, i.e. HIPPA, imposes more extensive
requirements than Oregon law regarding confidentiality.  For instance, Oregon law "does not
impose any requirements concerning the physical, technical or administrative safeguarding of
protected health information."  (Def.'s Resp. Mot. Remand 5.)  While ORS § 192.518(2)
recognizes that federal law (HIPPA specifically) establishes additional rights and obligations
exceeding those established in ORS §§ 192.518 to 192.529, this does not change the nature of
Miller's claim for relief. Regardless of the fact that Oregon laws may not be as extensive as
HIPPA in some regards, HIPPA does not become a "necessary element" of Miller's wrongful
discharge claim. State law independently espouses the same public policy toward protecting
client confidentiality as established by HIPPA.  *See Rains*, 80 F.3d at 346.  Although the
Complaint refers to "federal laws" as one basis for demonstrating that there is a public policy
supporting client confidentiality, those federal laws serve only as references to support Miller's
pleadings upon which his wrongful discharge claim is based. Federal question jurisdiction does
not extend to Miller's wrongful discharge claim because his claim does not necessarily depend
on whether certain aspects of HIPPA were violated by New Directions' conduct. A

Page - 6 - FINDINGS AND RECOMMENDATION

determination of whether HIPPA was actually violated is only indirectly related to whether Miller was wrongfully discharged for attempting to notify New Directions of its lack of compliance with state and federal policies that protect inmates' health information.  While New Directions may raise as a defense that state and federal laws were not violated and, therefore, Miller's termination was not wrongful, this is not a sufficient basis for removal to federal court. *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936).

Further, the well-pleaded complaint rule focuses on claims, not theories.  *See Franchise Tax Bd.*, 463 U.S. at 26 & n.29; *Gully*, 299 U.S. at 117.  Because an element of a particular theory may involve federal HIPPA law does not mean that the entire claim arises under HIPPA law.  The state also has policies ensuring confidentiality of personal health information that are part of Miller's claim.

In conclusion, the federal issues in Miller's claim are not necessary elements to Miller's claim for wrongful termination.  Instead, Miller's claim arises under Oregon state law.  The Oregon common law doctrine as expressed by the Oregon Constitution and statutes is intended to protect the rights of people undergoing medical treatment.  Whether the alleged violation of laws that Miller was allegedly discharged for reporting are state or federal, no federal question is implicated.  We conclude that Miller's wrongful discharge claim is not one that arises under federal law and is not removable on that basis.  Accordingly, this court lacks jurisdiction and the case should be remanded to state court.

## RECOMMENDATION

Based on the foregoing, Miller's Motion to Remand (doc. #6) should be GRANTED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 10, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 26th day of August, 2008.


    /s/   Patricia  Sullivan
                Patricia Sullivan
         United States Magistrate Judge